MARVIN, Judge
(dissents).
I respectfully dissent from the refusal to grant a rehearing.
The home of the widow and children was sold under court authority. Sometime later the widow-tutrix petitioned for authority to expend some of the minors’ funds to apply on the purchase of a mobile home for herself and the children. The under-tutrix opposed this. After contradictory hearing, the lower court granted the authority. The trial court noted that it was the tutrix’s responsibility of rearing and caring for her children and there was “no evidence that she had abused her authority or mismanaged the children’s money and that he could not say that the purchase of the mobile home was not in the best interest of the children.
The trial court’s observation is strengthened even more when the under-tutrix’s testimony. is considered. She (the paternal grandmother) offered to purchase a mobile home to be used as a residence if the tu-trix would put it on property adjoining the property where the under-tutrix lived.
The record also reflects continuing friction between the under-tutrix and tutrix. The trial court is in a better position in any individual case regarding administration of minor’s property and assets.
In the absence of a clear abuse of discretion, we should not substitute our judgment for the trial court’s judgment in these matters. The word discretion implies the existence of an area within which the court may legally act. I believe the lower court acted soundly and within the area of discretion which the law affords.
I would grant the rehearing in this case.